THE GENERAL SEDGWICK.[1]

THE REPUBLIC.

FLEMING *v.* THE GENERAL SEDGWICK and another,

(*District Court, D. New Jersey.* January 12, 1887.)

1. ADMIRALTY—AMENDMENT OF LIBEL—SUBSTITUTION OF PROCEEDINGS IN PERSONAM FOR PROCEEDINGS IN REM.

While it may be the practice, upon final hearing, to sometimes allow the substitution of proceedings *in personam* for proceedings *in rem,* where the record shows a clear right of recovery against those who have appeared and contested the claim on its merits, no such practice exists where the claimants have appeared solely for the purpose of excepting to the libel, and when the application to substitute proceedings *in personam* for proceedings *in rem* is founded upon the allowance of the exceptions. Such amendments cannot, under the rules, be permitted, unless it be that both remedies could originally have been joined in the same libel.

2. SAME—WHEN ALLOWED.

The substitution of proceedings *in personam* for proceedings *in rem* will not be permitted, unless both remedies could originally have been joined in the same libel.

In Admiralty. Exceptions to libel, and motion to amend.

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

*Ludlow McCarter,* for libelant.
*Alexander & Ash,* for respondent.

WALES, J. A contract was made between the libelant and the claimants, for the transportation of passengers on vessels belonging to the claimants. The contract was a maritime one, but wholly executory, and no performance of it had been entered upon. The libelant has sued *in rem* for a breach. The vessels were attached under process, and released on bond. The claimants have appeared by their proctor only to except to the libel, and to object to the jurisdiction of the court. They have put in no answer. It is conceded that no lien exists on the vessels, and application is now made by the libelant's proctor for leave to amend the libel, by praying process and judgment *in personam* against the owners.

It has been decided in this circuit that proceedings *in rem* and *in personam* cannot be joined in the same libel, except as provided for in the supreme court rules in admiralty. *The Alida,* 12 Fed. Rep. 343. The present case does not fall within any of the exceptional provisions. It was held in *The Monie A.,* 12 Fed. Rep. 338, that such amendment could not be allowed where, under the rules, both remedies could not be conjoined in the same libel. In that case the owner had appeared, and put in his answer, and much testimony had been taken before it was discovered that no lien existed upon the vessel; and at the hearing, under the peculiar state of the pleadings and evidence, the libelant was permitted to amend, and proceed *in personam.* It has been said (under a semble) to be the practice of the admiralty court in some cases —in suits *in rem,* where the record shows a clear right to recover *in personam,* against one who has appeared and contested the suit—to allow the libelant to proceed to a decree *in personam,* (*The Zodiac,* 5 Fed. Rep. 222;) but the case at bar does not belong to that class.

Exceptions sustained, motion to amend refused, and ordered that a decree be entered dismissing the libel, with costs.